# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **STARR INDEMNITY & LIABILITY COMPANY and PCS WIRELESS LLC,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**RXO CAPACITY SOLUTIONS, LLC f/k/a XPO Logistics, LLC,**<br><br>**Defendant.** | **CIVIL ACTION**<br><br>Docket No.: 3:23-cv-00572-KDB-SCR |

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs Starr Indemnity & Liability Company and PCS Wireless LLC, as and for their First Amended Complaint against Defendant RXO Capacity Solutions, LLC f/k/a XPO Logistics, LLC, and allege, upon knowledge as to their own acts and upon information and belief as to all other matters, as follows:

## THE PARTIES

1. Plaintiff PCS Wireless LLC was and is a limited liability company duly formed, organized and existing under and by virtue of the laws of the State of New Jersey with a principal place of business in the State of Florida.

2. PCS is a wireless device reseller.

3. Plaintiff Starr Indemnity & Liability Company was and is a corporation duly organized and existing under and by virtue of the laws of the State of Texas with a principal place of business in the State of New York.

4. Starr is an insurance company.

5. At all relevant times, Starr insured PCS under the terms and conditions of a stock throughput policy.

6. Defendant RXO Capacity Solutions, LLC f/k/a XPO Logistics, LLC was and is a limited liability company duly formed, organized and existing under and by virtue of the laws of the State of Delaware with a principal place of business in the State of North Carolina.

7. The sole member of Defendant RXO Capacity Solutions, LLC is RXO Corporate Solutions, LLC.

8. RXO Corporate Solutions, LLC is a limited liability company duly formed, organized and existing under and by virtue of the laws of the State of Delaware.

9. The sole member of RXO Corporate Solutions, LLC is Jeffrey Firestone.

10. Mr. Firestone is a domiciliary and permanent resident of the State of Georgia and no other locale.

11. Defendant RXO Capacity Solutions, LLC was formerly known as XPO Logistics, LLC prior to about November 4, 2022.

## JURISDICTION AND VENUE

12. The following issues concern the loss of goods while being transported by motor vehicle between a place in a state and a place in another state, governed by the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), 49 U.S.C. § 14706 *et seq.*, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

13. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendant.

14. Venue is proper in this Court because Defendant's principal place of business is located in Charlotte, North Carolina.

## FACTS COMMON TO ALL COUNTS

15. In or about August 2022, PCS purchased approximately 54,000 wireless devices for approximately $11,500,000.

16. The wireless devices were to be shipped from Texas to PCS in Florida.

17. On or about August 12, 2022, PCS contacted Defendant about transporting the wireless devices from Texas to Hialeah, Florida by motor vehicle.

18. All of the wireless devices were loaded onto a single trailer for transportation from Texas to the intended destination.

19. The shipment was in good order and condition when tendered for carriage to the intended destination.

20. A bill of lading was issued for the shipment.

21. The bill of lading identifies PCS as the consignee.

22. The bill of lading was a clean bill of lading.

23. Sometime on August 14 or 15, 2022, the shipment was stolen from a truck yard in Tampa, Florida while being transported by motor vehicle between Texas and Florida.

24. The theft was reported on August 15, 2022.

25. PCS notified Defendant of the loss no later than August 17, 2022.

26. PCS suffered no less than $11,500,000 in damages because of the theft.

27. PCS submitted an insurance claim to Starr for the loss of the shipment.

28. Starr paid $5,000,000 to PCS on the insurance claim submitted to it for the loss of the shipment.

29. By virtue of its payment, Starr is equitably and/or contractually subrogated to the rights and claims of PCS up to the amount of Starr's payment.

30. PCS has an uninsured loss of at least $6,500,000.

31. By reason of the premises, the damages sustained by PCS and Starr, as nearly as the same can now be estimated, no part of which has been paid by Defendant, are in the amount of at least $11,500,000.

## COUNT I – CARMACK AMENDMENT

32. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 31 of this First Amended Complaint with the same force and effect as if more fully set forth herein.

33. Defendant is a carrier subject to the Carmack Amendment.

34. A contract of carriage or other contract existed between PCS and Defendant in connection with the shipment.

35. Such contract of carriage or other applicable contract concerns the interstate transportation of property by motor vehicle.

36. The bill of lading, the contract of carriage or other applicable contract, and the shipment are subject to the provisions of the Carmack Amendment.

37. The shipment was in good order and condition when tendered to Defendant for carriage to the intended destination.

38. The shipment was never delivered to its intended destination.

39. PCS suffered damages because of the loss of the shipment.

40. Under the Carmack Amendment, Defendant is liable for the loss of the shipment.

41. Plaintiffs are entitled to recover the damages suffered because of the loss of the shipment.

4

## COUNT II – BREACH OF CONTRACT (ALTERNATIVE RELIEF)

42. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 31 of this First Amended Complaint with the same force and effect as if more fully set forth herein.

43. This cause of action is stated in the alternative to Count I because Defendant disputes that it is subject to the Carmack Amendment.

44. A contract of carriage or other contract existed between PCS and Defendant in connection with the shipment.

45. Such contract of carriage or other applicable contract concerns the interstate transportation of property by motor vehicle.

46. All obligations under the contract of carriage or other applicable contract to be performed on the part of PCS were performed, waived or otherwise excused.

47. Among other obligations and duties, Defendant had an obligation and duty to deliver the shipment in good order and condition to the intended destination.

48. Among other obligations and duties, Defendant had a duty to properly and carefully handle, keep and care for the property being transported.

49. Defendant breached the contract of carriage or other applicable contract by failing to deliver the shipment to the intended destination.

50. Defendant unilaterally subcontracted the carriage of the shipment from Texas to Florida to a third-party, Wizard Equipment Corp, without notice to PCS.

51. Defendant breached the contract of carriage or other applicable contract by subcontracting the carriage of the shipment to a third-party.

5

52. Defendant should not have subcontracted Wizard Equipment Corp because Defendant knew or should have known that Wizard Equipment Corp was unqualified or was otherwise inadequate at the time of subcontract.

53. Defendant breached the contract of carriage or other applicable contract by subcontracting the carriage of the shipment to a third-party who was not qualified or was otherwise inadequate to transport the shipment from Texas to the intended destination.

54. Defendant breached the contract of carriage or other applicable contract by hiring a third-party who was not qualified or was otherwise inadequate to transport the shipment from Texas to the intended destination.

55. Defendant otherwise breached the contract of carriage or other applicable contract.

56. PCS suffered damages because of the breach of contract by Defendant.

57. Plaintiffs are entitled to recover the damages suffered because of the breach of contract by Defendant.

## **COUNT III –VICARIOUS LIABILITY (ALTERNATIVE RELIEF)**

58. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 31 of this First Amended Complaint with the same force and effect as if more fully set forth herein.

59. This cause of action is stated in the alternative to Count I because Defendant disputes that it is subject to the Carmack Amendment.

60. A contract of carriage or other contract existed between PCS and Defendant in connection with the shipment.

61. Such contract of carriage or other applicable contract concerns the interstate transportation of property by motor vehicle.

62. Defendant unilaterally subcontracted the carriage of the shipment from Texas to Florida to a third-party, Wizard Equipment Corp, without notice to PCS.

63. In providing motor vehicle transportation for compensation, Wizard Equipment Corp had a duty to properly and carefully handle, keep and care for the property being transported.

64. Wizard Equipment Corp breached this duty and was otherwise negligent in its handling of, keeping of and caring for the shipment.

65. Wizard Equipment Corp's negligence was the proximate cause of the loss of the shipment.

66. PCS suffered damages because of Wizard Equipment Corp's negligence.

67. Defendant is vicariously liable for Wizard Equipment Corp's negligence.

68. Plaintiffs are entitled to recover the damages suffered because of the loss of the shipment.

## COUNT IV – NEGLIGENCE (ALTERNATIVE RELIEF)

69. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 31 of this First Amended Complaint with the same force and effect as if more fully set forth herein.

70. This cause of action is stated in the alternative to Counts I, II and III because Defendant disputes that it acted act as a carrier with regard to the shipment.

71. Defendant alleges that it did not act as a carrier with regard to the shipment but, rather, acted only as a broker with regard to the shipment.

72. Defendant alleges that PCS hired Defendant only to arrange for the transport of the wireless devices from Texas to Hialeah, Florida by motor vehicle.

73. Plaintiffs dispute Defendant's allegations.

74. Defendant arranged for a third-party, Wizard Equipment Corp, to transport the shipment from Texas to Florida without notice to PCS.

75. If it did act as a broker with regard to the shipment, Defendant had a duty to act with due diligence and to properly and carefully select any third-party it hired to transport the shipment.

76. If it did act as a broker with regard to the shipment, Defendant negligently breached this duty when it selected and hired Wizard Equipment Corp to transport the shipment from Texas to Florida.

77. Wizard Equipment Corp was not qualified or was otherwise inadequate to transport the shipment from Texas to the intended destination.

78. Defendant should not have hired Wizard Equipment Corp because Defendant knew or should have known that Wizard Equipment Corp was unqualified or was otherwise inadequate at the time of hire.

79. If it did act as a broker with regard to the shipment, Defendant otherwise negligently breached its duties in arranging for the transport of the wireless devices from Texas to Florida by motor vehicle.

80. Defendant's negligence was the proximate cause of the loss of the shipment.

81. PCS suffered damages because of Defendant's negligence.

82. Plaintiffs are entitled to recover the damages suffered because of the loss of the shipment.

## COUNT V – BREACH OF CONTRACT (ALTERNATIVE RELIEF)

83. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 31 of this First Amended Complaint with the same force and effect as if more fully set forth herein.

84. This cause of action is stated in the alternative to Counts I, II and III because Defendant disputes that it acted act as a carrier with regard to the shipment.

8

85. A contract existed between PCS and Defendant in connection with the shipment.

86. Such contract concerns the interstate transportation of property by motor vehicle.

87. All obligations under the contract to be performed on the part of PCS were performed, waived or otherwise excused.

88. Defendant alleges that it did not act as a carrier with regard to the shipment but, rather, acted only as a broker with regard to the shipment.

89. Defendant alleges that PCS contracted Defendant only to arrange for the transport of the wireless devices from Texas to Hialeah, Florida by motor vehicle.

90. Plaintiffs dispute Defendant's allegations.

91. Defendant arranged for a third-party, Wizard Equipment Corp, to transport the shipment from Texas to Florida without notice to PCS.

92. If it did act as a broker with regard to the shipment, among other obligations and duties, Defendant had an obligation to act with due diligence and to properly and carefully select any third-party it hired to transport the shipment.

93. If it did act as a broker with regard to the shipment, Defendant breached the contract when it selected and hired Wizard Equipment Corp to transport the shipment from Texas to Florida.

94. Wizard Equipment Corp was not qualified or was otherwise inadequate to transport the shipment from Texas to the intended destination.

95. Defendant should not have hired Wizard Equipment Corp because Defendant knew or should have known that Wizard Equipment Corp was unqualified or was otherwise inadequate at the time of hire.

96. If it did act as a broker with regard to the shipment, Defendant otherwise breached its contract with PCS to arrange for the transport of the wireless devices from Texas to Florida by motor vehicle.

97. PCS suffered damages because of the breach of contract by Defendant.

98. Plaintiffs are entitled to recover the damages suffered because of the breach of contract by Defendant.

### COUNT VI – BAILMENT (ALTERNATIVE RELIEF)

99. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 31 of this First Amended Complaint with the same force and effect as if more fully set forth herein.

100. This cause of action is stated in the alternative to Count I.

101. The shipment was entrusted to the care, custody and control of Defendant and/or persons for whom Defendant is vicariously liable for delivery to the intended destination.

102. The shipment was in good order and condition at the time it was entrusted to Defendant and/or persons for whom Defendant is vicariously liable.

103. The shipment was in the care, custody and control of Defendant and/or persons for whom Defendant is vicariously liable at the time said shipment was lost.

104. Defendant and/or persons for whom Defendant is vicariously liable failed to deliver the shipment to the intended destination.

105. Defendant and/or persons for whom Defendant is vicariously liable failed to return the shipment in good order and condition.

106. The loss of the shipment was caused by or resulted from the acts or omissions of Defendant and/or persons for whom Defendant is vicariously liable.

107. PCS suffered damages because of the acts or omissions of Defendant and/or persons for whom Defendant is vicariously liable.

108. Plaintiffs are entitled to recover the damages suffered because of the loss of the shipment.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs request that this Court enter judgment against Defendant on any count and/or all counts as set forth above for:

(a) An amount more than $75,000;

(b) Such other and incidental and consequential damages as may be proven at trial;

(c) For pre-verdict interest and/or post-verdict interest as allowed by law;

(d) For costs allowed by law;

(e) For attorneys' fees allowed by law;

(f) For any other fees allowed by law; and

(g) For such other and further relief as the Court deems just and proper.

LAW OFFICE OF B. ELIZABETH TODD, PLLC

Dated: October 10, 2023

*s/ B. Elizabeth Todd*
_____
B. Elizabeth Todd, Esq.
Bar ID 23800
15105-D John J. Delaney Drive #145
Charlotte, NC 28277
704-644-0929
elizabeth@etoddlaw.com

Attorney for Plaintiffs

- and -

NICOLETTI HORNIG & SWEENEY
Kevin J.B. O'Malley, Esq.
Admitted *Pro Hac Vice*
88 Pine Street, 7th Floor
New York, NY 10005
(212) 220-3830
komalley@nicolettihornig.com
Attorneys for Plaintiff
Starr Indemnity & Liability Company

LERNER, ARNOLD & WINSTON, LLP.
Robert T. Trautmann, Esq.*
Bar ID 38562
286 5th Avenue, 12th Floor
New York, NY 10001
 (212) 686-4655
rtrautmann@lawpartnersllp.com
*Western District Admission Pending*
Attorneys for Plaintiff
PCS Wireless LLC