IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00572-KDB-SCR

| | |
|---|---|
| PCS WIRELESS LLC AND STARR INDEMNITY & LIABILITY COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> RXO CAPACITY SOLUTIONS, LLC, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant RXO Capacity Solutions, LLC's ("RXO") Motion to Dismiss Amended Complaint (Doc. No. 13), the Memorandum and Recommendation ("M&R") of the Honorable Magistrate Judge Susan C. Rodriguez (Doc. No. 17) and Plaintiffs' Objection to the M&R (Doc. No. 18). The Court has carefully considered this motion, the M&R, the Objection, and the parties' briefs. For the reasons discussed below, the Court will **AFFIRM** the M&R and **GRANT in part** and **DENY in part** the Motion to Dismiss Amended Complaint.

I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

1

to which objection is made." 28 U.S.C. § 636(b)(1) (italics supplied). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. FACTS AND PROCEDURAL HISTORY

In August 2022, Plaintiff PCS Wireless LLC ("PCS") purchased approximately 54,000 wireless devices. *See* Doc. No. 7 at ¶ 15. It hired RXO to transport the shipment from Texas to Florida by motor vehicle. *Id.* at ¶ 17. RXO, in turn, subcontracted the carriage of the shipment to Wizard Equipment Corp. ("Wizard"). *Id.* at ¶ 50. The shipment was eventually stolen from a truck yard in Florida while en route to its final destination. *Id.* at ¶ 23.

PCS subsequently submitted an insurance claim to Plaintiff Starr Indemnity & Liability Company ("Starr") and received $5 million. *Id.* at ¶ 28. However, PCS alleges that it has an uninsured loss of at least $6.5 million and brought this lawsuit in Mecklenburg County Superior Court to recoup those loses. *Id.* at ¶ 31. RXO removed the case to this Court in September 2023 and filed its Motion to Dismiss Amended Complaint in October 2023. *See* Doc. Nos. 1, 13. In the M&R, the Magistrate Judge recommended the Court grant in part and deny in part RXO's motion. *See* Doc. No. 17. Specifically, she recommended that RXO's motion be granted with

respect to Count II (breach of contract as a carrier), Count III (vicarious liability as a carrier), Count IV (negligence as a broker), and Count VI (bailment), but denied with respect to Count I (Carmack Amendment) and Count V (breach of contract as a broker). *Id.* at 22. Plaintiffs filed a timely objection which is now ripe for the Court's review.

### III. DISCUSSION

Plaintiffs' object only to the Magistrate Judge's recommendation to dismiss the negligence as a broker claim (Count IV). With respect to that Count, the Magistrate Judge concluded that the Federal Aviation Administration Authorization Act , 49 U.S.C. § 14501(c)(1) ("FAAAA") preempted the claim. Plaintiffs argue that a negligence claim against a freight broker does not regulate or affect the prices, routes, or services of motor carriers and therefore should not be preempted. However, of the three Courts of Appeals that have considered this question,[1] all have found these claims to be preempted by the FAAAA unless an exception applies. *See Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1025 (9th Cir. 2020); *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1268 (11th Cir. 2023); *Ye v. GlobalTranz Enterprises, Inc.*, 74 F. 4th 453, 458-59 (7th Cir. 2023), *cert. denied.*, No. 23-475, 2024 WL 72005 (U.S. Jan. 9, 2024). For the reasons discussed below, the Court finds that the

---

[1] There is no Fourth Circuit case addressing this issue. Some district courts in this Circuit have concluded that negligent hiring cases, involving personal injury claims, are not preempted because they bear little to no relation to brokers' services. *See Gilley v. C.H. Robinson Worldwide, Inc.*, No. 1:18-536, 2019 WL 1410902, at *5 (S.D.W. Va. Mar. 28, 2019); *Mann v. C.H. Robinson Worldwide, Inc.*, No. 7:16-cv-102, 2017 WL 3191516, at *7 (W.D. Va. July 27, 2017). Others have found that negligent hiring or selection is preempted (but then otherwise found that the claims were covered under the safety regulation exception in the FAAAA). *See Ortiz v. Ben Strong Trucking, Inc.*, 624 F. Supp. 3d 567, 581 (D. Md. 2022); *Taylor v. Sethmar Transportation, Inc.*, No. 2:19-cv-770, 2021 WL 4751419, at * 13-15 (S.D. W. Va. Oct. 12, 2021).

3

allegations in the Amended Complaint are sufficiently related to RXO's rates, prices, or services so as to be preempted and further finds that no exception to preemption applies.

The FAAAA provides that states "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier … or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." § 14501(c)(1). Under Supreme Court precedent, "related to," means "'having a connection with or reference to' carrier 'rates, routes, or services,' whether directly or indirectly." *Dan's City Used Cars, Inc., v. Pelkey*, 569 U.S. 251, 260 (2013) (quoting *Rowe v. New Hampshire Motor Transp. Assn.*, 552 U.S. 364, 370 (2008)). However, the impact must be clear. The FAAAA does not preempt state law claims that have only a "tenuous, remote, or peripheral" effect on broker services. *Rowe*, 552 U.S. at 371 (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 390 (1992) (alteration adopted).

The FAAAA defines a broker as one who "offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2). The FAAAA's implementing regulations further define "brokerage service[s]" as "the arranging of transportation or the physical movement of a motor vehicle or of property." 49 C.F.R. § 371.2(c).

The heart of Plaintiffs' claim is that RXO had a duty "to properly and carefully select any-third party it hired to transport the shipment" and that it "breached this duty when it selected and hired Wizard Equipment Corp[.] to transport the shipment from Texas to Florida." Doc. No. 7 at ¶¶ 75-76. Therefore, "[b]y its terms, [Plaintiffs'] claim strikes at the core of [RXO's] broker services by challenging the adequacy of care the company took—or failed to take—in hiring [Wizard] to provide shipping services." Ye, 74 F.4th at 459. Plaintiffs' argument that Congress

4

Case 3:23-cv-00572-KDB-SCR    Document 20    Filed 06/13/24    Page 4 of 6

did not intend to preempt generally applicable state laws is unavailing. *See* Doc. No. 18 at 10. What matters here "is not solely that the law is generally applicable, but where in the chain of a motor carrier's business it is acting to compel a certain result … and what result it is compelling." *Miller*, 976 F.3d at 1024 (citing *California Trucking Assn. v. Su*, 903 F.3d 953, 966 (9th Cir. 2018)). Here, the selection of a motor vehicle is a broker's core service. Thus, because Plaintiffs' claim "seeks to interfere" at the point at which RXO selected a motor carrier, *id.*, allowing this claim to go forward would impermissibly "regulate brokers, not 'in their capacity as members of the public,' but in the performance of their core transportation-related services,'" *Aspen Am. Ins. Co.*, 65 F.4th at 1268. Thus, the negligence claim is preempted.

The Court further finds that no preemption exceptions apply. The FAAAA's safety exception for motor *carriers* of property provides that the FAAAA "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(2)(A). However, this exception does not apply to brokers. The applicable preemption provision for brokers lacks any mention of the safety exception. *See* 49 U.S.C. § 14501(b); *see also Ye*, 74 F.4th at 461 ("Now notice what is missing from § 14501(c)(2)(A)—any reference to brokers or broker services. While it listed broker services in § 14501(c)(1)'s express preemption provision, Congress declined to expressly mention brokers again in reference to states' safety authority.").

Further bolstering this point is that "the relationship between brokers and motor vehicle safety will [generally] be indirect, at most." *Ye*, 74 F.4th at 461. Here, the Amended Complaint says nothing at all about motor vehicles. It merely explains that RXO subcontracted the shipment to Wizard and that at some point that shipment was stolen. *See* Doc. No. 7. Although Plaintiffs repeatedly assert that Defendant "knew or should have known that Wizard … was unqualified or was otherwise inadequate at the time of hire," *see, e.g.* Doc. No. 7 at ¶ 78, they proffer no factual

allegations to support that claim. "Such an 'attenuated connection'" between the negligence claim and motor vehicles is too remote to fall within the scope of the safety exception. *Aspen Am. Ins. Co.*, 65 F.4th at 1272.

In short, Plaintiffs' negligence claim against Defendant as a broker is preempted by the FAAAA and does not fall within the scope of the safety exception. The Court, therefore, will affirm the M&R's recommendation on Count IV and dismiss that claim. Further, because neither party objected to the Magistrate Judge's other recommendations, which the Court has reviewed, the Court will also affirm those recommendations and dismiss Counts II, III, and VI while permitting Counts I and V to go forward.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant RXO's Motion to Dismiss Amended Complaint (Doc. No. 13) is **GRANTED in part** and **DENIED in part** as described in the Order;
2. The Magistrate Judge's M&R (Doc. No. 17) is **AFFIRMED**;
3. Plaintiffs PCS and Starr's Objection is **DENIED**; and
4. This case shall **proceed toward trial on the merits on the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 13, 2024

Kenneth D. Bell
United States District Judge